Filed 1/8/24  P. v. Randle CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E080014 |
| v. | (Super.Ct.No. OCR7302) |
| JAMES WESLEY RANDLE, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Katrina West, Judge.  Reversed and remanded with directions.

Thomas Owen, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Steve Oetting and Paige B. Hazard, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant James Wesley Randle filed a petition for resentencing pursuant to Penal Code former section 1170.95,[1] which the court denied at the prima facie hearing. On appeal, defendant contends the court erred in denying his petition. We reverse and remand the matter for further proceedings.

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

On May 28, 1981, a jury found defendant guilty of robbery (§ 211, count 2) and first degree murder (§ 187, count 3).[3] In addition, the jury found true allegations

---

[1] All further statutory references are to the Penal Code unless otherwise indicated. Effective June 30, 2022, Assembly Bill No. 200 (2021-2022 Reg. Sess.) amended and renumbered Penal Code section 1170.95 as section 1172.6. (Stats. 2022, ch. 58, § 10.)

[2] We granted the People's unopposed motion to augment the record with the preliminary hearing transcript and a partial trial transcript, which the People had attached to their motion, and of which they had requested the court below take judicial notice. We directed the clerk of the superior court to prepare a supplemental transcript of the requested proceedings; however, the clerk filed an affidavit reflecting that because the hearing dates were more than 10 years old (they are, in fact, 42 years old), the notes had been destroyed. On the court's own motion, we take judicial notice of the preliminary hearing transcript and partial trial transcript attached to the People's motion. (Evid. Code, §§ 452, 459; Cal. Rules of Court, rule 8.809.)

We also granted the People's unopposed request that we take judicial notice of the jury instructions and verdicts in this case. We utilize these documents in our procedural history and analysis. However, we are cognizant that, "Hearsay evidence that was admitted in a preliminary hearing pursuant to subdivision (b) of section 872 is inadmissible at the evidentiary hearing, unless made admissible by another exception to the hearsay rule. [Citation.]" (*People v. Flores* (2022) 76 Cal.App.5th 974, 986 (*Flores*).) "If such evidence may not be considered at an evidentiary hearing to determine a petitioner's ultimate eligibility for resentencing, we fail to see how such evidence could establish, as a matter of law, a petitioner's ineligibility for resentencing at the prima facie stage." (*Id*. at 988, fn. omitted [preliminary hearing transcript relied upon by the People did not establish the defendant's ineligibility for resentencing as a matter of law.].)

[3] The jury found defendant not guilty of robbery (§ 211) as charged in count 1.

defendant was armed with (former § 12022, subd. (a)) and used (former § 12022.5) a sawed-off shotgun in his commission of both counts.[4]  The court sentenced defendant to an indeterminate term of imprisonment of 25 years to life, plus nine years.[5]

On July 20, 2022, defendant filed a form petition for resentencing pursuant to former section 1170.95, in which he contended he could not currently be convicted of murder.  The People filed opposition; they requested the court take judicial notice of the preliminary hearing transcript from March 10, 1981; the trial transcripts from May 20, 21, and 26, 1981; and additional court files.  The People contended defendant was ineligible for the relief requested because he was the direct perpetrator of the murder.

At a hearing on October 14, 2022, the court indicated it "had an opportunity to review the relevant documents."  The People submitted on their opposition.  The court found defendant was ineligible for relief because he was "the actual shooter."  Thus, the court denied the petition.

---

[4]  Although the People charged defendant's codefendant, Gerry Johns, along with defendant, he was tried separately.  (*People v. Johns* (1983) 145 Cal.App.3d 281.)  A jury found Johns guilty of robbery and murder, also finding true allegations he was armed with a firearm during the commission of both offenses.  (*Id.* at 286.)

[5]  The record reflects that defendant appealed the judgment on June 24, 1981; however, because so much time has elapsed, the courts' records, including the opinion, appear to have already been destroyed.  (Gov. Code, 69955, subd. (e); former Cal. Rules of Court, rule 10.1028(d)(2) [criminal records destroyed after 20 years].)

3

## II. DISCUSSION

Defendant contends the court erred in denying his petition. Specifically, defendant maintains the court engaged in forbidden fact-finding and the weighing of evidence in denying the petition at the prima facie stage. We agree.

"Effective January 1, 2019, the Legislature passed Senate Bill 1437 [(2017-2018 Reg. Sess.)] 'to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life.' (Stats 2018, ch. 1015, § 1, subd. (f).) In addition to substantively amending sections 188 and 189 of the Penal Code, Senate Bill 1437 added [former] section 1170.95, which provides a procedure for convicted murderers who could not be convicted under the law as amended to retroactively seek relief." (*People v. Lewis* (2021) 11 Cal.5th 952, 959.)[6]

"Pursuant to [former] section 1170.95, an offender must file a petition in the sentencing court averring that: '(1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine[;] [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial or accepted a plea offer in lieu of a trial at which the petitioner could be convicted for first

---

[6] The Legislature amended former section 1170.95 with Senate Bill No. 775 (2021-2022 Reg. Sess.) partially to extend relief to all convictions in which malice was imputed to a person based solely on that person's participation in a crime. (Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.) (*People v. Saibu* (2022) 81 Cal.App.5th 709, 747.)

degree or second degree murder[;] [¶] [and] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019.' [Citations.] Additionally, the petition shall state '[w]hether the petitioner requests the appointment of counsel.' (§ 1170.95, subd. (b)(1)(C).) If a petition fails to comply with subdivision (b)(1), 'the court may deny the petition without prejudice to the filing of another petition.'" (*Lewis*, *supra*, 11 Cal.5th at pp. 959-960.)

"Where the petition complies with [former section 1170.95,] subdivision (b)'s three requirements, then the court proceeds to subdivision (c) to assess whether the petitioner has made 'a prima facie showing' for relief." (*Lewis*, *supra*, 11 Cal.5th at p. 960.) "[O]nly *after* the appointment of counsel and the opportunity for briefing may the superior court consider the record of conviction to determine whether 'the petitioner makes a prima facie showing that he or she is entitled to relief.'" (*Id.* at p. 957.)

A court may rely on the record of conviction in determining whether a prima facie showing has been made. (*Lewis*, *supra*, 11 Cal.5th at p. 972.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under [former] section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Id*. at p. 971.)

"In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*Lewis*, *supra*, 11 Cal.5th at p. 972.) "In sum, the parties can, and should, use the record of conviction to aid the trial court in reliably assessing whether

5

a petitioner has made a prima facie case for relief under [former section 1170.95,] subdivision (c)." (*Ibid*.)

"[T]he prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, '"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' [Citation.] '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' [Citation.] 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."'" (*Lewis, supra,* 11 Cal.5th at p. 971.)

A denial of a section 1172.6 petition at the prima facie "'"stage is appropriate only if the record of conviction demonstrates that 'the petitioner is ineligible for relief as a matter of law.' [Citations.] This is a purely legal conclusion, which we review de novo."' [Citation.]" (*People v. Lopez* (2022) 78 Cal.App.5th 1, 14.)

Where "the record of conviction does not conclusively negate the possibility that the jury found" the defendant guilty under a theory that imputed malice to him by the actions of the actual perpetrator, "an evidentiary hearing is required." (*People v. Langi* (2022) 73 Cal.App.5th 972, 984.) On the other hand, where the record of conviction reflects that the defendant was not convicted under any theory of imputed malice, no

6

evidentiary hearing is required. (*People v. Patton* (2023) 89 Cal.App.5th 649, 657, review granted June 28, 2023, S279670 ["As the sole and actual perpetrator of the attempted murder of" the victim, a defendant "is ineligible for resentencing as a matter of law."].)

"[A]lthough in theory, a finding that a defendant personally used a firearm does not in itself prove a defendant is the actual killer [citation], the facts of a particular case may support . . . that conclusion." (*People v. Garrison* (2021) 73 Cal.App.5th 735, 743.) "[W]hen the record shows only one person displayed and used a gun and '[a]ll evidence points to defendant . . . as the one with the gun,' the true finding on a personal use enhancement demonstrates that the defendant was the actual killer. [Citation.]" (*Id.* at p. 744.) "[A]n enhancement under section 12022.53, subdivision (d) does not require that the defendant acted either with the intent to kill or with conscious disregard to life, it does not establish that the defendant acted with malice aforethought." (*People v. Offley* (2020) 48 Cal.App.5th 588, 598; see *People v. Davenport* (2021) 71 Cal.App.5th 476, 485 [no contest plea to second degree murder and § 12022.5, subd. (a), personal use enhancement did not preclude eligibility for relief].)

Here, as the People concede, "the verdict forms for murder do not establish that [defendant] acted with intent to kill, was the actual killer, or was a major participant who acted with reckless indifference to human life. [¶] The jury's true finding on the firearm enhancements likewise do not establish by themselves that [defendant] is ineligible for relief as a matter of law." Indeed, as the People further concede, defendant was

7

convicted of first degree "murder and could have been found guilty under two theories: express malice aforethought *or felony murder*."[7] (Italics added.) The People additionally admit, "by themselves and without additional evidence, the verdicts do not conclusively make appellant ineligible for section 1172.6 relief." Therefore, as appropriate at the prima facie stage, the court should have taken defendant's factual allegations as true and issued an order to show cause for the holding of an evidentiary hearing.

The People nonetheless respond that the uncontroverted evidence adduced at trial reflects that defendant was the actual killer. It is true that where the record reflects that a jury *dispositively* found the defendant guilty *as the actual killer*, the defendant was not convicted under a now-invalid theory in which malice was imputed to him by the actions of the actual perpetrator; in other words, such a defendant would be per se ineligible for section 1172.6 relief. (See CALCRIM No. 540A.) However, in this case, we conclude that the trial court could not reach that conclusion without making credibility determinations, which are forbidden at the prima facie stage.[8] (*Lewis*, *supra*, 11 Cal.5th

---

[7] The court instructed the jury on felony murder. (CALJIC 8.21)

[8] We are not saying that a court, in making a prima facie determination that a defendant is per se ineligible for relief, cannot utilize the preliminary hearing or trial transcripts. In fact, this would be particularly appropriate, though not only so, where the murder involved just a sole participant and/or where the defense conceded defendant was the actual killer. (*People v. Delgadillo* (2022) 14 Cal.5th 216, 233 ["[T]he record here makes clear that Delgadillo was the actual killer and the only participant in the killing. At trial, defense counsel conceded that the accident occurred while Delgadillo was driving on the wrong side of the road."]; *People v. Pickett* (2023) 93 Cal.App.5th 982, 993, fn. omitted ["[T]here is no allegation or evidence of an accomplice in the killing of [the victim]; the uncontradicted evidence shows [the defendant] acted alone."].) Instead, we are merely saying that *in this case*, the court could not determine from those sources

*[footnote continued on next page]*

at p. 971 ["'[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.'"].)

The court should have taken defendant's allegations as true, i.e., that defendant could not be convicted of murder due to the 2019 changes in the law. Instead, in rejecting defendant's allegations, the court rendered a factual finding that defendant was the actual killer by looking to, and making creditability determinations based on, the witness testimony at the preliminary hearing and/or trial, which are quintessentially forbidden acts at the prima facie stage. (*Lewis*, *supra*, 11 Cal.5th at p. 972.)

Where the court errs in its handling of a section 1172.6 petition, we apply the *Watson* standard of harmless error analysis, i.e., whether it is "reasonably probable that a result more favorable to [defendant] would have been reached in the absence of the error.' [Citation.]" (*People v. Oliver* (2023) 90 Cal.App.5th 466, 489, fn. 8, quoting *People v. Watson* (1956) 46 Cal.2d 818, 836; accord *People v. Hurtado* (2023) 89 Cal.App.5th 887, 892-893.)

Here, defendant would be permitted to adduce additional evidence at an evidentiary hearing. (§ 1172.6, subd. (d)(3)) Since we cannot divine what, if any, additional evidence defendant might adduce at the hearing and whether it might be believed, we cannot hold any error harmless. Therefore, the court erred in denying defendant's petition without issuing an order to show cause and holding an evidentiary hearing.

whether defendant was the actual killer without making forbidden credibility determinations.

9

## III.  DISPOSITION

The order denying defendant's petition is reversed.  The matter is remanded with directions to issue an order to show cause under section 1172.6, subdivision (c), and to hold a hearing under section 1172.6, subdivision (d)(1).  We express no opinion on whether defendant is entitled to relief following the hearing.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

Acting P. J.

We concur:

FIELDS

J.

RAPHAEL

J.

10